IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,   )  | |
| Plaintiff,   )  | |
| )  | |
| vs.   )  | Case No. 06-10060 |
| )  | |
| GAYLAND SANDERS,   )  | |
| Defendant.   )  | |

MOTION TO SUPPRESS EVIDENCE

NOW COMES, the Defendant, GAYLAND SANDERS, by and through his Attorney, John P. Lonergan, and pursuant to Rule 12(b)(3), Fed.R.Crim.P., moves this Court for the entry of an Order suppressing a) all items of physical evidence which were seized from the Defendant's residence and automobile by officers and agents of law enforcement on June 29, 2006; and b) all statements, communications, admissions and confessions, whether written or oral, and whether inculpatory or exculpatory, which are alleged to have been made by the Defendant to officers and agents of law enforcement a the time of and subsequent to his arrest on June 29, 2000.

As grounds therefore, the Defendant states as follows:

1.      That on June 28, 2006, Officer Daniel Duncan of the Peoria Police Department appeared before Peoria County Circuit Judge Brian Nemenoff, and presented to the Court and application and affidavit for search warrant to search the Defendant's residence located at 711 Bryan, Peoria, Illinois, including any outbuildings and any vehicles located thereon. Attached hereto and marked "Exhibit A" is a true and correct copy of Officer Duncan's application and affidavit for search warrant.

2.      That on June 28, 2006, after reviewing the application and affidavit for search warrant, Judge Nemenoff issued a warrant to search the Defendant's premises located at 711 Bryan, Peoria, Illinois, including any outbuildings and automobiles located thereon. Attached hereto and marked "Exhibit B" is a true and correct copy of said search warrant.

3.      That Officer Duncan's application and affidavit for search warrant fails to

set forth sufficient facts which would lead a neutral and detached Judge reasonably to conclude that there was probable cause to believe that evidence of a controlled substance offense(s) would be present at said residence or in said automobiles. Illinois v. Gates, 462 U.S. 213 (1983); Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed.2d 260 (1932).

4. That the time that said officers forcibly entered the Defendant's residence, the Defendant had a reasonably expectation of privacy as to said residence and as to various items of personal property found therein.

5. That there was no exigent circumstances present at the time of the officer's entry into the Defendant's residence which would allow said officers to dispense with the Fourth Amendment's "knock and announce" requirement.

6. That as a result of officers' unlawful entry into the Defendant's residence, and the automobile in which he was in, and their unreasonable execution of the search warrant, said officers allegedly seized various quantities of a substance alleged to be cocaine base ("crack"), and United States Currency from the interior of said residence which the Government will use as evidence against the Defendant at the trial of this cause.

7. That the officers and agents who forcibly entered the Defendant's residence to execute the search warrant violated the Defendant's constitutional and statutory rights of privacy by entering the residence without affording the Defendant any notice of their identity and purpose and a reasonable opportunity to surrender the premises to the officers peacefully. Accordingly, all evidence seized and obtained from the interior of the Defendant's residence must be suppressed. Wilson v. Arkansas, 514 U.S. 1914, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995); Richards v. Wisconsin, 520 U.S. 385, 394-95, 117 S.Ct. 1416 (1997); United States v. Ramirez, ____ U.S. _____, 118 S.Ct. 992, 998 (1998); Gould v. Davis, 165 F.3d 265, 271 (4th Cir. 1999); United States v. Moore, 91 F.3d 96, 98 (10th Cir. 1996); United States v. Bates, 84 F.3d 790 (6th Cir. 1996); United States v. Zermeno, 66 F.3d 1058 (9th Cir. 1995); United States v. Becker,

23 F.3d 1537, 1540-41 (9th Cir. 1994); United States v. Lucht, 18 F.3d 541, 550-51 98th Cir. 1994); United States v. Mendonsa, 989 F.2d 366 (9th Cir. 1993); United States v. Marts, 986 F.2d 1216, 1217-18 (8th Cir. 1993); United States v. Stewart, 867 F.2d 581, 583-84 (10th Cir. 1989); United States v. Rodriguez, 663 F.Supp. 585, 587-89 (D.D.C. 1987); Title 18 U.S.C. § 3109; 2 LaFave, Search & Seizure, Sec. 4.8(c) (3d Ed. 1996).

8.   That in searching the vehicle in which the Defendant was a passenger, said officers and agents exceeded the scope of the warrant issued by Judge Nemenoff by searching a motor vehicle that was not named in the warrant and for which no probable cause to search had been established before the issuing judge. United States v. Schroeder, 129 F.3d 439, 422 (8th Cir. 19997) (officers exceeded scope of warrant by searching trailer adjacent to the property named in warrant, because trailer was distinctly different from property named in warrant). Moreover, said officer's search of said automobile, and seizure of its contents, was without the Defendant's consent, without any exigent circumstances, and without probable cause to believe that said motor vehicle contained contraband or was otherwise used in the commission of any crime.

9.   That all of the physical evidence that is the subject of this motion was seized and obtained from the Defendant's residence and automobile in violation of the Defendant's rights secured under the Fourth Amendment to the United States Constitution and Title 18 U.S.C. 3109. Wong Sun v. United States, 371 U.S. 471, 479-84 (1963).

10.   That all physical evidence seized from the Defendant's residence and automobile, and all statements which he is alleged to have made to the officers, were the fruits of the unlawful search of the Defendant's residence and the unlawful arrest and interrogation of the Defendant. Wong Sun v. United States, 371 U.S. 471, 479-84 (1963); Brown v. Illinois, 422 U.S. 590 (1975); Dunaway v. New York, 442 U.S. 2000 (1979); Taylor v. Alabama, 457 U.S. 687 (1982).

WHEREFORE, Defendant requests the entry of an Order suppressing a) all items of physical evidence which were seized from the Defendant's residence and automobile

by officers and agents of law enforcement on June 28, 2006; and b) all statements, communications, admissions and confessions, whether written or oral, and whether inculpatory or exculpatory, which are a alleged to have been made by the Defendant to officers and agents of the law enforcement at the time of and subsequent to his arrest on June 28, 2006.

                                  Respectfully submitted for
                                  GAYLAND SANDERS, Defendant,

                                  /s/ John P. Lonergan
                                  John P. Lonergan, Attorney for Defendant

STATE OF ILLINOIS  )
                          ) SS.
COUNTY OF PEORIA )

       John P. Lonergan, being first and duly sworn, upon oath, deposes and states that he is attorney of record for the Defendant in the above-captioned matter; that he has read the above and foregoing Motion and that the allegations contained therein are true and correct.

                                  /s/ John P. Lonergan
                                  John P. Lonergan, Attorney for Defendant

John P. Lonergan, P.C.
Attorney at Law
411 Hamilton Blvd., Suite 1708
Peoria, Illinois 61602
Telephone: (309) 673-3939
Facsimile: (309) 676-5489

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Criminal No. 06-10060 |
| GAYLAND SANDERS, | ) ) ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2006, I electronically filed the Defendant's Motion to Suppress Evidence with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Brad Murphy of the United States Attorney's Office.

/s/ John P. Lonergan
JOHN P. LONERGAN
Bar Number 6211885
Attorney for Defendant Gayland Sanders
411 Hamilton Blvd., Suite 1708
Peoria, Illinois  61602
Phone: (309) 673-3939
Fax : (309)676-5489
E-mail : jplonergan@hotmail.com

John P. Lonergan, P.C.
Attorney at Law
411 Hamilton Blvd., Suite 1708
Peoria, Illinois 61602
Telephone:  (309) 673-3939
Facsimile:   (309) 676-5489

| | | |
|---|---|---|
| State of Illinois | ) | The Circuit Court of |
| | ) SS | the Tenth Judicial Circuit |
| County of Peoria | ) | of Illinois |

## COMPLAINT FOR SEARCH WARRANT

Officer Daniel Duncan, (Complainant), a peace officer employed by the City of Peoria, Illinois, appears before the undersigned judge and requests the issuance of a search warrant to search the premises in the City and County of Peoria, State of Illinois, located at: 711 Bryan, being a tan, with brown trim, two story, single family residence, including any outbuildings, and any vehicles located thereon;

and the person of one: Gayland C. Sanders, black male, D.O.B. 03-27-1978, approximately 5'06", approximately 165 pounds, medium complected, black hair, and brown eyes;

and seize the following things: Cocaine and any books, papers, records, photographs, recordings, documents, computer disks, computer tapes or other software and the contents thereof or other things which tend to evidence possession or control of the premises or the cocaine and any related paraphernalia which have been used in the commission of, or which constitutes evidence of Unlawful Possession of a Controlled Substance in violation of 720 Illinois Compiled Statutes, 570/402, 2004, as amended.

Complainant states that he does believe that the above-listed items to be seized are now located on the person and/or premises described above because: On June 14, 2006, Complainant received information from a Reliable Confidential Informant who has given reliable information to Complainant in the past. Informant stated that Informant has seen cocaine on the person of a black male known to the Informant as "Quick", who routinely drives around in a maroon Dodge Caravan delivering cocaine. Informant describes "Quick" as being a black male, approximately 5'05"-5'08", approximately 155-165 pounds, with black hair, brown eyes, and medium complected.

Complainant conducted an investigation into the illegal sale of cocaine by "Quick". Complainant learned that the registration on the maroon Dodge Caravan was #640G060 (Illinois Temporary). Complainant checked the registration, #640G060 (Illinois Temporary), through the Secretary of State and found that the vehicle was registered to a Tamara Coleman of 711 Bryan. Complainant then checked the Peoria Police Department's computerized files. Complainant learned that Coleman and Sanders have a child in common and are listed on seven police reports together. Complainant also discovered that on 6-16-06 Sanders was the driver of the Maroon Dodge Caravan and was arrested for suspended license. Peoria Police case number 06-16978.

FROM :PEORIA POLICE VICE & NARCOTICS    FAX NO. :3094948417              Jul. 17 2006 09:10AM  P4
1:06-cr-10060-MMM-JAG      # 10-3      Page 1 of 1

E-FILED
Thursday, 21 September, 2006  01:27:41 PM
Clerk, U.S. District Court, ILCD

COMPLAINT FOR SEARCH WARRANT
PAGE 2 OF 3

Complainant showed Informant several photographs of similar looking black males. Informant identified the photograph of Gayland C. Sanders, black male, D.O.B. 03-27-1978, as the black male that routinely drives the maroon Dodge Caravan vehicle with Temporary Illinois registration 640G060 delivering cocaine.

On two separate occasions Complainant Conducted surveillance of 711 Bryan. During surveillance Complainant observed Gayland Sanders driving the maroon Dodge Caravan with Temporary Illinois registration 640G060. Complainant observed Gayland Sanders exit from the driver seat, and go to the front door of 711 Bryan. Sanders appeared to use a key to unlock the front door then enter the residence.

Within the last 72 hours, Complainant conducted surveillance at 711 Bryan and observed Sanders coming and going from the residence. Complainant observed Sanders driving a tan Mazda, Illinois registration #482 9980. The maroon Dodge Caravan was parked on the south side of 711 Bryan. Complainant checked registration #482 9980 through the Secretary of State, and found that the vehicle was registered to Enterprise car rental. At one point during this course of surveillance, Complainant observed Sanders exit 711 Bryan and enter into the drivers seat of the tan Mazda. Complainant observed Sanders drive to a pre-determined location and meet with the Confidential Informant. Complainant observed Sanders meet with the Informant for two minutes then depart the area. Informant then contacted Complainant by phone, and advised the Complainant that Sanders was in possession of a quantity of purported cocaine packaged in individual knotted pieces of plastic. Informant stated the driver of the Mazda was "Quick", whom Informant earlier identified as Gayland C. Sanders, D.O.B. 03-27-1978.

Based on Complainants experience and training, Complainant believes that the cocaine Sanders is selling on a routine basis, via delivery by vehicle, is being stored at the above listed address. It is more common for mid-level drug dealers to conduct their drug business in this fashion to avoid the constant foot traffic normally associated with smaller level dealers selling from a particular house or apartment.

The reliable information which Informant has given in the past is that on one occasion the Informant stated to Complainant that Informant could purchase cocaine at a specific location in the City of Peoria. Complainant caused Informant to be thoroughly searched and it was determined there was no cocaine on Informant's person.

FROM :PEORIA POLICE VICE & NARCOTICS    FAX NO. :3094948417    Jul. 19 2006 09:13AM

E-FILED
Thursday, 21 September, 2006 01:28:56 PM
Clerk, U.S. District Court, ILCD

COMPLAINT FOR SEARCH WARRANT
PAGE 3 OF 3

Complainant then watched the Informant go directly to the specified location, stay for a few minutes, then return directly to Complainant. When Informant returned to Complainant, Informant was in possession of a clear plastic bag containing an off-white rock like substance which Informant stated was cocaine. Complainant caused a field test to be conducted on the off-white rock like substance, and the result of the field test by color was positive for the presence of cocaine. On another occasion, Informant stated to Complainant that Informant could purchase cocaine at a specific location in the City of Peoria different than the first. Complainant caused Informant to be thoroughly searched and it was determined that there was no cocaine on the Informant's person. Complainant then watched the Informant go to the specified location, stay for a few minutes, then return directly to complainant. When the Informant returned to Complainant, Informant was in possession of a clear plastic bag containing an off-white rock like substance that Informant stated was cocaine. Complainant caused a field test to be conducted on the off-white rock like substance, and the result of the field test by color was positive for the presence of cocaine.

Complainant has been a police officer for seven years. For the last five years, Complainant has been employed by the City of Peoria. Complainant is currently assigned to Special Investigations Divisions/Vice and Narcotics Unit.

_____
s/complainant
Complainant

Signed and sworn to before me this 29 day of June, 2006.

_____
s/JUDGE
Judge

FROM :PEORIA POLICE VICE & NARCOTICS   FAX NO. :3094948417   Jul. 17 2006 09:03AM P2

E-FILED
Friday, 22 September, 2006 09:13:36 AM
Clerk, U.S. District Court, ILCD

E-FILED
Thursday, 21 September, 2006 01:30:04 PM
Clerk, U.S. District Court, ILCD

State of Illinois  )
                   ) SS
County of Peoria   )

The Circuit Court of
the Tenth Judicial Circuit
of Illinois

## SEARCH WARRANT

TO:   ALL PEACE OFFICERS OF THE STATE OF ILLINOIS

On this date, Officer Daniel Duncan (Complainant), has signed and sworn to a complaint for a search warrant before me. Upon examination of the said complaint, I find that it states facts sufficient to show probable cause.

I, therefore, command that you search the premises in the City and County of Peoria, State of Illinois, located at: 711 Bryan, being a tan, with brown trim, two story single family residence, including any outbuildings, and any vehicles located thereon;

and the person of one: Gayland C. Sanders, black male, D.O.B. 03-27-1978, approximately 5'06", approximately 165 pounds, medium complected, black hair, and brown eyes;

and seize the following things: Cocaine, and any books, papers, records, photographs, recordings, documents, computer disk, computer disks, computer tapes or other software and the contents thereof or other things which tend to evidence possession or control of the premise or the cocaine, and any related items which have been used in the commission of, or which constitutes evidence of Unlawful Possession of a Controlled Substance in violation of Chapter 720, Illinois Compiled Statutes, 570/402, 2004, as amended.

I further command that a return of anything so seized shall be made without unnecessary delay before me or before any court of competent jurisdiction.

Time of Issuance: _____5:20_____ o'clock _P_.m.

Date of Issuance: _____6-29-06_____, 2006.

s/JUDGE
Judge