IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-10060 |
| | ) | |
| GAYLAND SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO MOTION TO SUPPRESS EVIDENCE**

Now comes the United States of America by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Bradley W. Murphy, Assistant United States Attorney, and in response to defendant's Motion To Suppress Evidence, states as follows:

I.  Factual Background

  A.  Peoria Police S.I.D. used an informant to develop information on Gayland C. Sanders, who was dealing crack cocaine from 711 Bryan in Peoria.  A controlled buy was made from Sanders after he exited the residence on Bryan Street.  Surveillance confirmed that Sanders came and went from the Bryan address. A search warrant was obtained for the residence and the person of Sanders on June 29,

1

        2006. The warrant was served shortly before noon on June 30. It was also learned that Tazewell County had issued an arrest warrant for failure to appear on a traffic case for Sanders.

    B.    Just before the execution of the warrant, surveillance officers saw Sanders leave the house, go to a rental car parked nearby, and conduct a drug transaction with another individual. Sanders then returned to the house. As the officers approached the house, Sanders returned to the rental vehicle where he was detained. A half-ounce of crack cocaine was recovered from the center console of the rental car and an ounce of marijuana was found in the house. After waiving his Miranda warnings, Sanders claimed to have no knowledge of the rental car, but surveilling agent had seen him driving it repeatedly in the past two days.

II.    Analysis

    A.    <u>The search warrant</u>

        1.    The complaint for search warrant alleged probable cause. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983).

        2.    The complaint contained the bases for the informant's information and his reliability. *United States v. Koerth*,

            312 F.3d 862, 866 (7th Cir. 2002).

    3.    The police officers relied, in good faith, on the validity of the search warrant. *United States v. Leon*, 468 U.S. 897, 922-23 (1984).

B.    <u>Knock and Announce</u>

    1.    The failure to knock and announce is no longer a basis for relief in a suppression motion. *United States v. Langford*, 314 F.3d 892, 894 (7th Cir. 2002).

C.    <u>Search of the Vehicle</u>

    1.    The defendant was lawfully arrested on the outstanding bench warrant.

    2.    The vehicle was searched incident to the lawful arrest of an occupant of the vehicle. *See New York v. Belton*, 453 U.S. 454, 462-63 (1981) (a vehicular search incident to arrest covers the passenger compartment including containers therein)

D.    Statements by Defendant

    1.    The defendant's statements were made after he was advised of, and waived, his rights to remain silent and

to counsel. *See Miranda v. Arizona*, 384, U.S. 436, 467 (1966).

III.   Conclusion

The defendant's motion to suppress should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

RODGER A. HEATON
UNITED STATES ATTORNEY


**s/: Bradley W. Murphy**
BRADLEY W. MURPHY
Assistant United States Attorney
One Technology Plaza
211 Fulton Street, 4th Floor
Peoria, Illinois 61602
Telephone: 309.671.7050

## CERTIFICATE OF SERVICE

I hereby certify that on **October 11, 2006**, I electronically filed the plaintiff's **RESPONSE TO MOTION TO SUPPRESS EVIDENCE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**John P. Lonergan**

and I hereby further certify that I have mailed, by United States Postal Service, the plaintiff's **RESPONSE TO MOTION TO SUPPRESS EVIDENCE** to the following non CM/ECF participants:

**Not Applicable**

**s/: Margo Scamp**
**Legal Assistant**
