Date: 3-20-07
E-FILED
Monday, 26 March, 2007  02:12:46 PM
Clerk, U.S. District Court, ILCD

United States of America } Case No. 06-10060
v.
Gayland Sanders

FILED

MAR 26 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOI

## Motion to Withdraw Guilty Plea

Here comes Gayland Sanders respectfully moves for a Withdrawl Guilty Plea, because I felt like I wasn't going to have an fair trial, and ineffective counsel on bad advice and lack of work.

As grounds therefore, I, Defendant states as follows,

① Every since I asked for Mr. Alvarado counceling back. Its like "he just wanted for me to plea guilty. When he came to visit me, we'll talk about the case. He'll ask me, "so what do I want to do?" I'll tell him "go to trial." But everytime I say something or ask something he either had something against it, or always say "your going to loose." He never showed me any signs of anything that he was going to fight or manipulate any strong issues. I ask him a couple of questions about if we go to trial. He said "the United States Attorney won't bring them up". I feel the questions I asked him, should be brought up by him.

② Mr. Alvarado came and visited me at the county again on February the 16th (if I'm not mistaking). An we're talking and he ask me a question and I said "that would be a good question to ask them at trial." He looked at me and stated "I'm going to wave at you after

you get 13 to 14 years and say "was that
a good answer." So that scared me.
I felt he wasn't going to represent
me right at trial cause I won't
not plea guilty. I'm like, this is my
lawyer.

③    That I'm being accused of some-
thing I didn't do or know about. I
got to go to prison for this ain't justice or right.
Thats why I ask you, your Honor
how can they accuse me of something
at the Suppression Hearing and not
show evidence. I'm telling Mr. Alvarado
the same thing. The Supreme Court
held in Crawford vs. Washington 541 U.S. 36,
68 (2004). that the admission of testimonial
hearsay evidence at trial, when the witness
is unavailable and the defendant has
had no opportunity to cross-examine
the witness, violates the Confrontation
Clause of the Sixth Amendment. Thats
why I had wrote you that letter. Now
when you, your Honor said it wouldn't
violate the Sixth Amendment. Your
Honor, I got scared and felt I wasn't
going to have a fair trial. But not
besides that, Mr. Alvarado wasn't
going to represent me like he suppose
to. After that your Honor, I just
pleaed guilty cause I felt trapped.
And Mr. Alvarado said "I would most
likely get 10 years if I did plea." So
I pleaed off of his advice of the
10 years, since he wasn't going to repre-
sent me right.

Your Honorable Mr. Mihm, I would like to first and foremost apologize from being in your court room. I would like to thank you from reading this and pray that you take this in consideration. I thank you for your convenience and hope this didn't inconvenience you. I pray that the Guilty Plea be withdrawled.

Thank You,

Graylavd C. Sanders