## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 06-10060 |
| GAYLAND SANDERS, | ) ) ) | |
| Defendant. | ) | |

## O R D E R

On March 27, 2008, Defendant filed a Motion to Reduce Sentence based on the retroactive Amendment to the sentencing guideline range regarding crack cocaine sentencing. The Court appointed the Federal Defender's Office to represent Defendant in this matter.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., a career offender override] or statutory provision (e.g.,

a statutory mandatory minimum term of imprisonment.)" U.S.S.G. § 1B1.10 comment. n. [1(A)].

The Defendant was sentenced by this Court on August 9, 2007 to a sentence of 120 months, the applicable statutory mandatory minimum sentence.

Therefore, the Deputy Federal Defender's Motion to Withdraw as Counsel [Doc. #46] is GRANTED.  Defendant is allowed to pursue this matter *pro se.*

Defendant shall file with this Court no later than May 15, 2008, a pleading that either (a) concedes that the Amendment does not apply because his/her sentence was to the applicable statutory mandatory minimum sentence, or (b) explains why the Amendment applies in spite of the sentence to the statutory mandatory minimum.

ENTERED this 17th Day of April, 2008.

s/ Michael M. Mihm
MICHAEL M. MIHM
United States District Judge