E-FILED
Tuesday, 13 May, 2008 10:48:53 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS



FILED

MAY 1 3 2008

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GAYLAND SANDERS )
    Petitioner/Defendant, )
)
)
V. )  Criminal No. 06CR10060
)
UNITED STATES OF AMERICA, )
    Respondent. )
)

PETITIONER'S REQUEST FOR MODIFICATION OR REDUCTION OF SENTENCE BASED
UPON AN INTERVENING POST SENTENCING CHANGE IN THE UNITES STATES
SENTENCING GUIDELINES, PURSUANT § 3582(c)(2) PRETAINING TO THE
RETROACTIVE AMENDMENT 706 , WHICH EFFECTIVELY REDUCES PETITIONER'S TERM
OF IMPRISONMENT

    **Comes Now**, Petitioner Gayland Sanders, proceeding pro-se without the aid of counsel, respectfully moves this Honorable Court for an Order modifying and thus reducing his sentence of 120 Months Imprisonment, pursuant to this Honorable Court's jurisdictional authority as set forth in 18 U.S.C. § 3582(c)(2), under retroactive Amendement 706, and all applicable resentencing provisions of the advisory United States Sentencing Guidelines. See, <u>United States v. Booker</u>, 543 U.S. 220, 245-46, 125 S.Ct 738, 160 L.Ed .2d 621 (2005); <u>Kimbrough v. United States</u>, 06-6330 and <u>Gall v. United States</u>, 06-7949 and the court's consideration of all relevant factors of Title 18 U.S.C. § 3553(a)

## STATEMENT OF THE CASE

The Petitioner was sentenced in the above-numbered criminal case, on or about _____August 9, 2007_____, for a violation of the federal drug statute: Title 21 United States Code § 841 and sentenced pursuant to U.S.S.G § 2D1.1, particulary involving the substance commonly known as "Crack or Cocaine Base", (Hereinafter "Crack").

The Petitioner was sentenced by the District Court to a term of imprisonment of __120__ months, at the Offense Level __23__, with a Criminal History Category of __VII__, followed by a term of Supervised Release of __8__ years. The Petitioner is currently incarcerated and is serving his/her sentence at the Federal Institution, __PEKIN FCI P.O. BOX 5000, Pekin, Il 61555__. See: Appendix-A (Copy of Judgment in Criminal Case.

The petitioner's instant motion for sentence reduction is, as a matter of law, a continuation of the criminal case and is not a civil post-conviction relief pleading. See: <u>United States v. Fair</u>, 326 F.3d 1317 (11th Cir. 2003)(every circuit court which has addressed § 3582(c)(2) has determined that it is criminal in nature and therefore covered by rules applying to criminal cases, not civil cases.) Therefore, Petitioner herein does not seek to introduce new evidence or to argue or litigate the facts of the case. To the contrary, petitioner's instant motion pursuant to Title 18 U.S.C. § 3582(c)(2) seeks a reduction of his/her term of imprisonment as a result of an intervening, post-sentencing change of the United States Sentencing Guidelines. However, the current Advisory Gidelines apply at resentencing.

- 2 -

The Crack Amendment to the Sentencing Guidelines Amendment 706, will effectively reduce Petitioner's sentence by two (2) Offense Levels, from the current Offense Level __23__, to a Offense Level of __21__.

## AMENDMENTS TO THE GUIDELINES
### AMENDMENT 706

On May 1, 2007 the United States Sentencing Commission sent to the United States Congress proposed changes to the Guidelines, which included Amendment 706, to improve crack cocaine sentences which would be a clear, notwithstanding modest step, toward reducing the harsh and unjustifiable disparaties between powder cocaine and crack. The Commission stated in its "Reasons for Amendment".

> "The Commission's recommendation and strong desire for prompt legislative action notwithstanding, the problems associated with the 100-to-1 drug quantity ratio are so urgent and compelling that this amendment is promulgated as an interim measure to alleviate some of those problems. The Commission has concluded that the manner in which the Drug Quantity Table in §2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy)) was construted to incorporate the statutory mandatory minimum penalties for crack cocaine offenses is an area in which the Federal sentencing guidelines contribute to the problems associated with the 100-to-1 drug quantity ratio." See: U.S.S. Commission "Supplement to Appendix-C, p. 230.

The Commission went on to conclude in the "Reasons for Amendment", stating:

> "Having concluded once again that the 100-to-1 drug quantity ratio should be modified, the Commission recognizes that establishing federal cocaine sentencing policy ultimately is Congress's prerogative. Accordingly, the Commission tailored the amendment to fit within the existing statutory penalty scheme by assigning base offense levels that provide guideline ranges that include the statutory mandatory minimum penalties for crack cocaine offenses. The Commission, however, views the amendment only as an interim solution to some of the problems associated with the 100-to-1 drug quantity ratio. It is neither a permanent nor a complete solution to those problems. Any comprehansive solution to the 100-to-1 drug quantity ratio requires appropriate legislative action by Congress." See: U.S.S. Commission "Supplement to Appendix-C, pp. 230-231.

Under Title 18 U.S.C. § 3582(c)(2), the district court may reduce the term of imprisonment, after considering the factors set forth in section § 3553(a), which states in part:

> "(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . ."

## THE DISTRICT COURT SHOULD RESENTENCE PETITIONER TAKING INTO CONSIDERATION THE CHANGE IN THE LEGAL LANDSCAPE THAT REFLECTS THE DISTRICT COURT'S DISCRETION UNDER § 3553(a) TO FORMULATE A SENTENCE, ESPECIALLY UNDER THE THE DISPROPORTIONATE DISPARITY 100-to-1 "CRACK COCAINE" SENTENCING

Since the petitioner's initial sentencing, the legal landscape has drastically changed, the Supreme Court has abolished the mandatory application of the Sentencing Guidelines in all contexts in United States v. Booker, 543 U.S. 220, 245-46 (2005), and made the United States Sentencing Guidelines as advisory only. In United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), the U.S. Court of Appeals for the Ninth Circuit held that where, as here, a defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits a district court to resentence a defendant whose sentencing range has be lowered by the Sentencing Commission, pursuant to 18 U.S.C. § 994(o), the Guidelines must be applied in an advisory manner. "Finally, under Booker, to the extent that the policy statements would have the effect of making the Guidelines mandatory (even in the restricted context of § 3582 (c)(2), they must be void." at p. 1172 Id.

- 4 -

On December 10, 2007, the Supreme Court came down with two rulings in <u>Kimbrough v. United States</u>, 06-6330 and <u>Gall v. United States</u>, 07-7949, that could have a bearing on the judge's discretion on resentencing under § 3553(a) concerning crack's 100-to-1 ratio and the appellate court's standard of review, when the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.

In <u>Kimbrough v. United States</u>, 06-6330, the Supreme Court stated, "Under United States v. Booker, 543 U.S. 200, the cocaine Guidelines, like all others, are advisory only, and the Fourth Circuit erred in holding the crack/powder disparity effectively mandatory. A district judge must include the Guidelines range in the array of factors warranting consideration, but the judge may determine that, in the particular case, a within-Guidelines sentencing is "greater than necessary" to serve the objectives of sentencing, § 3553(a). In making that determination, the judge may consider the disparity between the Guidelines' treatment of crack and powder offenses.

(a) Crack and powder cocaine have the same physiological and psychotropic effects, but are handled very differently for sentencing purposes. The relevant statutes and Guidelines employ a 100-to-1 ratio that yields sentences for crack offenses three to six times longer than those for offenses involving equal amounts of powder. Thus, a major supplier of powder may receive a shorter sentence than a low-level dealer who buys powder and coverts it to crack."

The Court went on to explain Kimbrough should have survived appellate inspection. "The District Court began by properly calculating and considering the advisory Guidelines range. It then addressed the relevant § 3553(a) factors, including the Sentencing Commission's reports criticizing the 100-to-1 ratio. Finally, the court did not purport to establish a ratio of its own, but appropriately framed its final determination in line with § 3553(a)'s overarching instruction to "impose a sentence sufficient, but not greater than necessary" to accomplish the sentencing goals advanced in § 3553(a)(2). The court thus rested its

- 5 -

sentence on the appropriate considerations and "committed no procedural error." Kimbrough, 06-6330, See: Criminal Law Reporter, of December 12, 2007, pp. 286-287).

In Gall v. United States, 06-7949, the Supreme Court stated, "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensure." The uniqueness of the individual case, however, does not change the deferential abuse-of-discretion standard of review that applies to all sentencing decisions. As we shall now explain, the opinion of the Court of Appeals in this case does not reflect the requisite deference and does not support the conclusion that the District Court abused its discretion. As an initial matter, we note that the District Judge committed no significate procedural error. He correctly calculated the applicable Guidelines range, allowed both parties to present arguments as to what they believed the appropriate sentence should be, considered all of the § 3553(a) factors, and thoroughly documented his reasoning."

The Gall, court went on to conclude, "But it is not for the Court of Appeals to decide de novo whether the justification for variance is sufficient or the sentence reasonable. On abuse-of-discretion review, the Court of Appeals should have given due difference to the District Court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence. Accordingly, the judgment of the Court of Appeals is reversed." See: Gall v. United States, 06-7949, (Criminal Law Reporter, of December 12, 2007, pp. 300 and 302).

After making the determination that the petitioner is eligible for resentencing pursuant to 18 U.S.C. § 3582(c)(2), and further eligible to the application of the Booker advisory regime to his sentence. The district court should order the U.S. Probation Office to prepare an updated Presentence Report from the time he/she came under the supervision of the Bureau of Prisons. See: United States v. Estremera, 498 F.Supp.2d 468, 472 (D. Puerto Rico 2007).

- 6 -

Clearly, this Court, in resentencing the Petitioner has the discretion pursuant to the new advisory Guidelines, to consider the factors set forth in § 3553(a) to formulate the proper sentence, and calculate a new Guideline range for resentencing. See, United States v. Ono, 72 F.3d 101, 102 (9th Cir 1995), which stated, "the purpose of a § 3582 motion is resentencing."

## CONCLUSION

Its understood now, under Kimbrough, which applied the reasoning in Booker, and finding that cocaine Guidelines, are advisory only, and that the Court Of Appeals errs in holding the crack/cocaine disparity effectively mandatory. And held in making its determination, the district judge must include the Guidelines range in the array of factors warranting consideration. That the judge may determine, however, that, in the particular case. a within-Guidelines sentence is "Greater than necessay" to serve the objectives of sentencing, 18 U.S.C. 3353(a), and that in making that determination, the judge may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses.

In this case, the Court stated. "The factual circumstances are pretty simply, You are held responsible for 12.3 grams of crack cocaine found in your possession, you have a fairly substantial criminal history category that adds up to a Criminal History Category VI, and yet, nonetheless, the guidelines range would still come in below the mandatory minimum.

-7-

But beacuse of the weight of the drugs involved and beacuse of a prior felony conviction, drug related felony conviction, you're looking at 120 months. So there's nothing else to talk about. The sentencing factors under 3553 that I would normally consider just simply don't apply.

Relative to the sentencing factors pursuant 3553, this Court can consider the amount of drugs, as the Ciurt stated, "because of the weight of drugs." See <u>Kimbrough v. United States</u> 06-6330, and <u>Gall v. United States</u> 07-7649 that could have a bearing on the Judge's discretion on resentencing under § 3353 concerning crack cocaine 100-to-1-ratio and the appelalte court's standard of review, when the appellate court might reasnably have concluded that a different sentence was appropriate is sufficient to justify reversal of the district court.

In this case, the Court can or should consider that the amount of drugs converted would have been far less opposed to the 100-to-1 ratio, and give variance to the level 2 reduction for level 21, category VI for 77-96 months, and consider the factors for 77 months.

Wherefore, Petitioner prays this Honorable court order a full resentencing, order a new presentence report, and then determine the appropriate sentencing range, when § 3582(c)(2) requires the reopening of a sentence the Commission lowers the applicable Guideline.

[Dated 23rd Of April 2008,

Respectfully Submitted,
Mr. Gayland Sanders Pro Se

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been mailed upon the Clerk Of The Court at 309 Federal Bldg, 100 N.E.Monroe Street, Peoria, Il 61602 and Assistant United States Attorney Bradley W. Murphy, ESQ. 200 Fulton Street, Suite 400 Peoria, Ill 61602 from Gayland Sanders Pro Se at FCI Pekin, P.O. Box 5000, Pekin, Il 61555 this 23rd day of April 2008.

Respectfully Submitted,

/s/ Gayland C Sanders
Gayland C Sanders