**E-FILED**
Thursday, 05 June, 2008 02:12:45 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,     )
                             )
         Plaintiff,            )
                             )
      v.                    )          Case No. 06-10060
                             )
GAYLAND SANDERS,         )
                             )
         Defendant.       )

## ORDER

On March 27, 2008, Defendant filed a Motion to Reduce Sentence [#44] based on the retroactive Amendment to the sentencing guideline range regarding crack cocaine sentencing. The Federal Defender's Office was appointed to represent Defendant in this matter, but subsequently was allowed to withdraw after concluding that Defendant is ineligible for the reduction because he was sentenced to the statutory mandatory minimum sentence. Defendant was then given 28 days to file a pleading that either (a) conceded that the Amendment does not apply, or (b) explained why the Amendment applies in spite of the sentence to the Statutory Mandatory Minimum. Defendant has now filed his response [#48], and this Order follows.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after

considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 comment n. [1(A)].

In his response, Defendant does not attempt to dispute that he was sentenced to the statutory mandatory minimum.  Resentencings pursuant to the retroactive amendment to the guideline range for crack cocaine were not intended to reopen a Defendant's ability to challenge a variety of other sentencing issues not related to the crack cocaine amendment.

Here, the amendment would not have the effect of lowering Defendant's applicable guideline range because he was sentenced to the statutory mandatory minimum and the Court cannot impose a sentence lower than the sentence that he originally received under the circumstances of this case.  His Motion to Reduce Sentence [#44] and his Response [#48] are therefore DENIED.

ENTERED this 5th day of June, 2008.


            s/ Michael M. Mihm
                Michael M. Mihm
            United States District Judge